

# SEALED

Office of the United States Attorney
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

1  STEVEN W. MYHRE
   Acting United States Attorney
2  NICHOLAS D. DICKINSON
   Assistant United States Attorney
   District of Nevada
3  Nevada Bar No. 12940
   501 Las Vegas Boulevard South, Suite 1100
4  Las Vegas, Nevada 89101
   PHONE:  (702) 388-6336
5  NDickinson@usdoj.gov

6  *Counsel for the United States*

7

   **UNITED STATES DISTRICT COURT**
8  **DISTRICT OF NEVADA**
   **-oOo-**

9                                                           2:17-mj-00958-VCF

10  IN THE MATTER OF SEARCH OF          **Magistrate No.**
    INFORMATION ASSOCIATED WITH
    INSTAGRAM ACCOUNTS STORED AT        **AFFIDAVIT**
11  PREMISES CONTROLLED BY
    FACEBOOK CORPORATION:               **(Under Seal)**
12
    **stephenpaddock47   A1**
13

14  IN THE MATTER OF SEARCH OF                   2:17-mj-00959-VCF
    INFORMATION ASSOCIATED WITH         **Magistrate No.**
15  INSTAGRAM ACCOUNTS STORED AT
    PREMISES CONTROLLED BY              **AFFIDAVIT**
16  FACEBOOK CORPORATION:
                                        **(Under Seal)**
17  **Mariloudanley   A2**

18

                                       **Magistrate No.**        2:17-mj-00960-VCF
19  IN THE MATTER OF SEARCH OF
    INFORMATION ASSOCIATED WITH         **AFFIDAVIT**
20  INSTAGRAM ACCOUNTS STORED AT
    PREMISES CONTROLLED BY              **(Under Seal)**
21  FACEBOOK CORPORATION:

22  **Mariloudanleyy   A3**

23

24

                                    1

IN THE MATTER OF SEARCH OF
INFORMATION ASSOCIATED WITH
INSTAGRAM ACCOUNTS STORED AT
PREMISES CONTROLLED BY
FACEBOOK CORPORATION:

**Mariloudanleypaddock  A4**

Magistrate No.

2:17-mj-00961-VCF

**AFFIDAVIT**

**(Under Seal)**

~~FILED~~
2017 OCT -3 PM 4:12
U.S. MAGISTRATE JUDGE
BY_____

IN THE MATTER OF SEARCH OF
INFORMATION ASSOCIATED WITH
INSTAGRAM ACCOUNTS STORED AT
PREMISES CONTROLLED BY
FACEBOOK CORPORATION:

**marilou.danley  A5**

Magistrate No.

2:17-mj-00962-VCF

**AFFIDAVIT**

**(Under Seal)**

STATE OF NEVADA    )
                   ) ss:
COUNTY OF CLARK    )

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Heather D. Burton, Special Agent, Federal Bureau of Investigation (FBI), having been duly sworn, hereby depose and say:

## INTRODUCTION AND AGENT BACKGROUND

1.      Your Affiant is a Special Agent with the FBI currently assigned to the Las Vegas, Nevada Division. She has been so employed for over three years.  Prior to this she, was employed for five years as a United States Probation Officer in Memphis, Tennessee. Your Affiant is currently assigned to FBI Las Vegas Squad 6. Previously, she was assigned to the Las Vegas Safe Streets Task Force (LVSSTF) and was responsible for investigating a variety of violent crimes, to include bank robbery, kidnapping, extortion, robbery, carjacking, assault and murder of Federal Officers, racketeering related violent offenses, as well as long-term investigations into the activities and operations of criminal enterprises, drug trafficking organizations, and violent street gangs. Your Affiant has experience in conducting criminal investigations, including the investigation of

1  criminal groups and conspiracies as well as the collection of evidence and the identification and use

2  of witnesses.

3      2.    Your Affiant makes this affidavit in support of an application for a search warrant for

4  information associated with certain Instagram, LLC (hereinafter "Instagram") user IDs that are

5  stored at premises owned, maintained, controlled, or operated by Facebook Inc. (hereinafter

6  "Facebook"), a social networking company headquartered in Menlo Park, California.  The

7  information to be searched is described in the following paragraphs and in Attachment A1, A2, A3,

8  A4, A5 and B.  This affidavit is made in support of an application for a search warrant under 18

9  U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Facebook to disclose to the

10  government records and other information in its possession, pertaining to the subscriber or customer

11  associated with user IDs. It is submitted that the information sought through the issuance of the

12  requested warrant constitutes evidence of the following offense: Violation of National Firearms Act

13  – Registration of Firearms, Title 26, United States Code, Section 5841.

14      3.    The items to be searched are the associated Instagram user ID names as follows:

15          **stephenpaddock47**

16          **mariloudanley**

17          **mariloudanleyy**

18          **mariloudanleypaddock**

19          **marilou.danley**

20      4.    Because this affidavit is being submitted for the limited purpose of securing a search

21  warrant, your Affiant has not included each and every fact known to her concerning this

22  investigation. Your Affiant has set forth only those facts that are necessary to establish probable

23  cause for the above listed offense. The information used to support this search warrant was derived

24  from reports of information obtained from witnesses as well as investigation conducted by other

1   Agents and law enforcement officers related to the incident. This affidavit contains information

2   necessary to support probable cause to believe that the criminal offenses described herein were

3   committed by the defendant, STEPHEN PADDOCK (hereinafter "PADDOCK"), and others yet

4   unidentified, and is not intended to include each and every fact and matter observed by your Affiant

5   or known to the Government. Moreover, to the extent this affidavit contains statements by witnesses,

6   those statements are set forth only in part in substance and are intended to accurately convey the

7   information, but not to be verbatim recitations. All noted times are approximate.

8                                **JURISDICTION**

9        5.       This Court has jurisdiction to issue the requested warrant because it is "a court of

10  competent jurisdiction" as defined by 18 U.S.C. § 2711 and 18 U.S.C. §§ 2703(a), (b)(1)(A), and

11  (c)(1)(A).  Specifically, the Court is a "district court of the United States (including a magistrate

12  judge of such a court) that . . . has jurisdiction over the offense being investigated. . . ." 18 U.S.C. §

13  2711(3)(A)(i), which took place in Las Vegas, Nevada.

14                      **BACKGROUND CONCERNING INSTAGRAM**

15       6.       Instagram, which is owned by Facebook, operates a free-access social-networking

16  website of the same name that can be accessed at http://www.instagram.com.  Instagram allows its

17  users to create their own profile pages, which can include a short biography, a photo of themselves,

18  videos and other information.  Users can access Instagram through its website or by using a special

19  electronic application ("app") created by the company that allows users to access the service through

20  a mobile device.

21       7.       Instagram permits users to post photos and videos to their profiles on Instagram and

22  otherwise share them with others on Instagram, as well as certain other social-media services,

23  including Flickr, Facebook, and Twitter.  When posting or sharing a photo or video on Instagram, a

24  user can add a caption to it, can add various "tags" that can be used to search for the photo or video

4

1   (e.g., a user may add the tag #vw to a photo so that people interested in Volkswagen vehicles can

2   search for and find the photo), can add location information, and can add other information, as well

3   as apply a variety of "filters" or other visual effects that can be used to modify the look of the posted

4   photos.  In addition, Instagram allows users to make comments on posted photos or videos,

5   including photos or video that the user posts or posted by other users of Instagram.  Users can also

6   "like" photos.

7       8.      Upon creating an Instagram account, an Instagram user must create a unique

8   Instagram username and an account password.  This information is collected and maintained by

9   Instagram.

10      9.      Instagram asks users to provide basic identity and contact information upon

11  registration and also allows users to provide additional identity information for their user profile.

12  This information may include the user's full name, e-mail address(es), and phone number(s), as well

13  as potentially other personal information provided directly by the user to Instagram.  Once an

14  account is created, users may also adjust various privacy and account settings for the account on

15  Instagram.  This information is collected and maintained by Instagram.

16      10.     Instagram allows users to have "friends," which are other individuals with whom the

17  user can share information without making the information public.  Friends on Instagram may come

18  from either contact lists maintained by the user, other third-party social media websites and

19  information, or searches conducted by the user on Instagram profiles.  This information is collected

20  and maintained by Instagram.

21      11.     Instagram also allows users to "follow" another user, which means that they receive

22  updates about posts made by the other user.  Users may also "unfollow" users, that is, stop following

23  them or block them, which prevents the blocked user from following that user.

24      12.     Instagram allows users to post and share various types of user content, including

5

photos, videos comments, and other materials.  User content that is posted to Instagram or shared through Instagram is collected and maintained by Instagram.

13.     Instagram users can exchange private messages on Instagram with other users. These messages, which are similar to email messages, are sent to the recipient's "Inbox" on Instagram, which also stores copies of messages sent by the recipient, as well as other information.

14.     Users on Instagram may also search Instagram for other users or particular types of photos or other content.

15.     For each user, Instagram also collects and retains information, called "log file" information, every time a user requests access to Instagram, whether through a web page or through an app.  Among the log file information that Instagram's servers automatically record is the particular web requests, any Internet Protocol ("IP") address associated with the request, type of browser used, any referencing/exit web pages and associated URLs, pages viewed, dates and times of access, and other information.

16.     Instagram also collects and maintains "cookies," which are small text files that are placed on a user's computer or mobile device and that allows Instagram to identify the browser or device's accesses to the service.

17.     Instagram also collects information on the particular devices used to access Instagram.  In particular, Instagram may record "device identifiers," which includes data files and other information that may identify the particular electronic device that was used to access Instagram.

18.     Instagram also collects metadata associated with user content.  For example, Instagram collects any "hashtags" associated with user content (i.e., keywords used), "geotags" that mark the location of a photo and which may include latitude and longitude information, comments on photos, and other information.

19. Instagram also may communicate with the user, by email or otherwise. Instagram collects and maintains copies of communications between Instagram and the user.

20. Based on the information above, the computers of Instagram are likely to contain all the material described above with respect to accounts with the above referenced user IDs, including **stephenpaddock47, mariloudanley, mariloudanleyy, mariloudanleypaddock, and marilou.danley**, including stored electronic communications and information concerning subscribers and their use of Instagram, such as account access information, which would include information such as the IP addresses and devices used to access the account, as well as other account information that might be used to identify the actual user or users of the accounts at particular times.

## STATEMENT OF PROBABLE CAUSE

21. On the evening of Sunday, October 1, 2017, the Route 91 Harvest, a music festival, was in progress at 3901 South Las Vegas Boulevard, Las Vegas, Nevada 89119. At approximately 2208 hours, the Las Vegas Metropolitan Police Department (LVMPD) received calls reporting shots had been fired at the concert and multiple victims were struck. LVMPD determined the shots were coming from Rooms 134 and 135 on the 32nd floor of the Mandalay Bay Resort and Casino, 3950 South Las Vegas Boulevard, Las Vegas, Nevada 89119.

22. Officers made entry into the room and located an individual later identified as Stephen Paddock, DOB           , address 1372 Babbling Brook Court, Mesquite, Nevada 89034. Paddock was deceased from an apparent self-inflicted gunshot wound.

23. Officers found multiple firearms and hundreds of rounds of ammunition in the room in close proximity to Paddock's body. Additionally, investigators located over a thousand rounds of ammunition and explosive material in a vehicle associated with Paddock. Further, multiple firearms and a large quantity of ammunition were located at Paddock's residence at 1372 Babbling Brook Court, Mesquite.

24.     Paddock's Nevada driver's license was located in the Mandalay Bay hotel room with Paddock, and both hotel rooms were registered in his name. A player's club card in name of Marilou Danley was located in Paddock's room, and the card returned to the same Babbling Brook address in Mesquite.

25.     While monitoring an identified Facebook accounts of Marilou Danley (facebook.com/marilou.danley) after the shooting, LVMPD investigators noted that the account settings and privacy settings were changed on October 2, 2017, at approximately 0030 hours. At approximately 0246 hours, the Facebook account was deleted.  Investigators discovered the following additional Instagram accounts associated with Stephen Paddock and Marilou Paddock: **stephenpaddock47, mariloudanley, mariloudanleyy, mariloudanleypaddock,** and **marilou.danley**.  On October 3, 2017, a preservation request for all content pertaining to the these Instagram was submitted to Facebook to maximize the chance that the contents of the account remain preserved.

26.     Based on my training and experience, a person who possesses large amounts of firearms and ammunition obtains those items over a period of time. Thus, I am requesting that the search period be from September 1, 2016 to the present.

27.     Based on these stated facts, it is your Affiant's opinion that there is probable cause to believe that the Instagram accounts with user IDs **stephenpaddock47, mariloudanley, mariloudanleyy, mariloudanleypaddock,** and **marilou.danley** contain evidence related to PADDOCK's possession of firearms in violation of Title 26, United States Code, Section 5841. Your Affiant also submits that a review of photos and other non-public content on the subject accounts will likely produce further evidence of prior and additional violations of the enumerated offenses.  I swear, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

8

**INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED**

28.     Your Affiant anticipates executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Facebook to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment "B." Upon receipt of the information described in Section I of Attachment "B," government-authorized persons will review that information to locate the items described in Section II of Attachment "B."

**CONCLUSION**

29.     Based on the information set forth herein, Your Affiant has probable cause to believe that in the subject accounts listed in Attachments "A1", "A2", "A3", "A4", "A5" there is proof that constitutes evidence of the commission of criminal offense(s); contraband, the fruits of crime and things otherwise criminally possessed; and property designed or intended for use or which is or has been used as the means of committing criminal offense(s). The evidence to be searched for and seized is set forth in Attachment "B", which is attached hereto and incorporated herein by reference.

30.     Based on the forgoing, your Affiant requests that the Court issue the proposed search warrant.

31.     Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

**REQUEST FOR SEALING**

31.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the

1   targets of the investigation.  Accordingly, there is good cause to seal these documents because their

2   premature disclosure may seriously jeopardize that investigation.

3

4                                                       Respectfully Submitted,

5

6                                                       Heather D. Burton, Special Agent

7                                                       Federal Bureau of Investigation

8   SWORN TO AND SUBSCRIBED
    before me this 3rd day of October, 2017.

9

10

11   UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**Attachment "A1"**

**<u>Property to Be Searched</u>**

This warrant applies to information associated with the Instagram user IDs **stephenpaddock47,** that is stored at premises owned, maintained, controlled, or operated by Facebook, a company headquartered in Menlo Park, California for the time period beginning September 1, 2016 to present.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**Attachment "A2"**

**<u>Property to Be Searched</u>**

This warrant applies to information associated with the Instagram user IDs **mariloudanley,** that is stored at premises owned, maintained, controlled, or operated by Facebook, a company headquartered in Menlo Park, California for the time period beginning September 1, 2016 to present.

**Attachment "A3"**

**<u>Property to Be Searched</u>**

This warrant applies to information associated with the Instagram user IDs **mariloudanleyy,** that is stored at premises owned, maintained, controlled, or operated by Facebook, a company headquartered in Menlo Park, California for the time period beginning September 1, 2016 to present.

**Attachment "A4"**

**<u>Property to Be Searched</u>**

This warrant applies to information associated with the Instagram user IDs **mariloudanleypaddock,** that is stored at premises owned, maintained, controlled, or operated by Facebook, a company headquartered in Menlo Park, California for the time period beginning September 1, 2016 to present.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**Attachment "A5"**

**<u>Property to Be Searched</u>**

This warrant applies to information associated with the Instagram user IDs and **marilou.danley** that is stored at premises owned, maintained, controlled, or operated by Facebook, a company headquartered in Menlo Park, California for the time period beginning September 1, 2016 to present.

ATTACHMENT "B"

**Particular Things to be Seized**

**I.      Information to be disclosed by Facebook**

To the extent that the information described in Attachment A is within the possession, custody, or control of Instagram LLC ("Instagram"), including any messages, records, files, logs, or information that have been deleted but are still available to Instagram, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on October 3, 2017. Facebook is required to disclose the following information to the government for each user IDs listed in Attachment A for the period of September 1, 2016 to present:

(a)     All contact and personal identifying information, including: full name, user identification number, birth date, gender, contact e-mail addresses, Instagram passwords, Instagram security questions and answers, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers;

(b)     All activity logs for the account and all other documents showing the user's posts and other Instagram activities;

(c)     All photos and videos uploaded by that user ID and all photos and videos uploaded by any user that have that user tagged in them;

(d)     All profile information; status updates; links to videos, photographs, bios, articles, and other items; Wall postings; friend lists, including the friends' Instagram user identification numbers; future and past event postings; comments; and tags;

(e)     All other records of communications and messages made or received by the user, chat history, and pending "Friend" requests;

(f)     All user content created, uploaded, or shared by the account, including any comments made by the account on photographs or other content;

(g)     All IP logs, including all records of the IP addresses that logged into the account;

(h)     All records of the account's usage of the "Like" feature, including all Instagram posts and content that the user has "liked";

(i)     All location data associated with the account, including geotags;

(j)     All data and information that has been deleted by the user;

(k)     All past and present lists of friends created by the account;

(l)     All records of Instagram searches performed by the account;

(m)     The types of service utilized by the user;

(n)     The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

(o)     All privacy settings and other account settings, including privacy settings for individual Instagram posts and activities, and all records showing which Instagram users have been blocked by the account;

(p)     All records pertaining to communications between Instagram and any person regarding the user or the user's Instagram account, including contacts with support services and records of actions taken.

(q)     All information regarding the particular device or devices used to login to or access the account, including all device identifier information or cookie information, including all information about the particular device or devices used to access the account and the date and time of those accesses;

1   **II.      Information to be seized by the government**

2   All information described above in Section I that constitutes fruits, evidence, and instrumentalities

3   of violations of:

4           Violation of National Firearms Act – Registration of Firearms, Title 26, United States Code,

5           Section 5841.

6   involving STEPHEN PADDOCK and others yet unidentified, including, for each user ID identified

7   on Attachment "A," information pertaining to the following matters:

8           (a) Evidence showing the possession, use, purchase, or sale of firearms, firearms

9               accessories, ammunition, or explosives by Paddock, including through conspiring and

10              cooperating to possess, use, purchase, or sell prohibited firearms, firearms

11              accessories, ammunition, or explosives.

12          (b) Evidence indicating how and when the Instagram account was accessed or used, to

13              determine the chronological and geographic context of account access, use, and

14              events relating to the crime under investigation and to the Facebook account owner;

15          (c) Evidence indicating the Instagram account owner's state of mind as it relates to the

16              crime under investigation;

17          (d) The identity of the person(s) who created or used the user ID, including records that

18              help reveal the whereabouts of such person(s).

19          (e) The identity of the person(s) who communicated with the user ID about matters

20              relating to the illegal possession, purchase, use, or sale of firearms, firearms

21              accessories, ammunition, or explosives, including records that help reveal their

22              whereabouts.

23

    **The Warrant expressly incorporates the Affidavit submitted in support of the Warrant, and**

24  **separately sealed, as though set forth fully herein.**

## ATTACHMENT C

## PROTOCOL FOR SEARCHING THE ELECTRONIC DATA SEIZED

## PURSUANT TO THIS SEARCH WARRANT

1.      In executing this warrant, the government must make reasonable efforts to use methods and procedures that will locate and expose in the electronic data produced in response to this search warrant ("the Search Warrant Data") those categories of data, files, documents, or other electronically stored information that are identified with particularity in the warrant, while minimizing exposure or examination of irrelevant, privileged, or confidential files to the extent reasonably practicable.

2.      When the Search Warrant Data is received, the government will make a duplicate copy of the Search Warrant Data ("the Search Warrant Data Copy"). The original version of the Search Warrant Data will be sealed and preserved for purposes of: later judicial review or order to return or dispose of the Search Warrant Data; production to the defense in any criminal case if authorized by statute, rule, or the Constitution; for purposes of showing the chain of custody of the Search Warrant Data and the Search Warrant Data Copy; or for any other lawful purpose. The original of the Search Warrant Data will not be searched or examined except to ensure that it has been fully and completely replicated in the Search Warrant Data Copy.

3.      The investigating agents will then search the entirety of the Search Warrant Data Copy using any and all methods and procedures deemed appropriate by the United States designed to identify the information listed as Information to be Seized in Attachment B, Section II. The United States may copy, extract or otherwise segregate information or data listed as Information to be Seized in Attachment B, Section II. Information or data so copied, extracted or otherwise segregated will no longer be subject to any handling restrictions that might be set out in this protocol beyond those required by binding law. To the extent evidence of crimes not within the scope of this warrant appear in plain view during this review, a supplemental or "piggyback" warrant will be applied for in order to further search that document, data, or other item.

4.      The Government will have ninety (90) days from receipt of the data disclosed under Attachment B, Section I to complete its examination of the Search Warrant Data Copy. Once the Search Warrant Data Copy has been thoroughly and completely examined for any document, data, or other items identified in Attachment B, Section II as Information to be Seized, the Search Warrant Data Copy will be sealed and not subject to any further search or examination unless authorized by another search warrant or other appropriate court order. The Search Warrant Data Copy will be held and preserved for the same purposes identified above in Paragraph 2.

5.      The search procedures utilized for this review are at the sole discretion of the investigating and prosecuting authorities, and may include the following techniques (the following is a non-exclusive list, as other search procedures may be used):

a.      examination of all of the data contained in the Search Warrant Data to view the data and determine whether that data falls within the items to be seized as set forth herein;

b.      searching for and attempting to recover from the Search Warrant Data any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein (any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offenses, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offenses specified above);

c.      surveying various file directories and the individual files they contain;

d.      opening files in order to determine their contents;

e.      using hash values to narrow the scope of what may be found. Hash values are under-inclusive, but are still a helpful tool;

f.      scanning storage areas;

g.      performing keyword searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are likely to appear in the evidence described in Attachment A; and/or

h.      performing any other data analysis technique that may be necessary to locate and retrieve the evidence described in Attachment B, Section II.

### Return and Review Procedures

6.      Rule 41 of the Federal Rules of Criminal Procedure provides, in relevant part:

(e) Issuing the Warrant.

(2) Contents of the Warrant.

(A) Warrant to Search for and Seize a Person or Property. Except for a tracking-device warrant, the warrant must identify the person or property to be searched, identify any person or property to be seized, and designate the magistrate judge to whom it must be returned. The warrant must command the officer to:

(i) execute the warrant within a specified time no longer than 14 days;

(B) Warrant Seeking Electronically Stored Information. A warrant under Rule 41(e)(2)(A) may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information. Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant. The time for executing the warrant in Rule 41(e)(2)(A) and

(f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review.

(f) Executing and Returning the Warrant.

(1) Warrant to Search for and Seize a Person or Property.

(B) Inventory. An officer present during the execution of the warrant must prepare and verify an inventory of any property seized. . . . In a case involving the seizure of electronic storage media or the seizure or copying of electronically stored information, the inventory may be limited to describing the physical storage media that were seized or copied. The officer may retain a copy of the electronically stored information that was seized or copied.

7.      Pursuant to this Rule, the government understands and will act in accordance with the following:

a.      Pursuant to Rule 41(e)(2)(A)(iii), within fourteen (14) days of the execution of the warrant, an agent is required to file an inventory return with the Court, that is, to file an itemized list of the property seized.  Execution of the warrant begins when the United States serves the warrant on the named custodian; execution is complete when the custodian provides all Search Warrant Data to the United States. Within fourteen (14) days of completion of the execution of the warrant, the inventory will be filed.

b.      Pursuant to Rule 41(e)(2)(B), Rule 41(e)(2)(A) governs the time within which the electronically stored information must be seized after the issuance of the warrant and copied after the execution of the warrant, not the "later review of the media or information" seized, or the later off-site digital copying of that media.

c.      Under Rule 41(f)(1)(B), the inventory return that is to be filed with the court may be limited to a description of the "physical storage media" into which the Search Warrant Data that was seized was placed, not an itemization of the information or data stored on the "physical storage media" into which the Search Warrant Data was placed;

d.      Under Rule 41(f)(1)(B), the government may retain a copy of that information for purposes of the investigation. The government proposes that the original storage media on which the Search Warrant Data was placed plus a full image copy of the seized Search Warrant Data be retained by the government.

e.      If the person from whom any Search Warrant Data was seized requests the return of any information in the Search Warrant Data that is not set forth in Attachment B, Section II, that information will be copied onto appropriate media and returned to the person from whom the information was seized.



SEALED

**Office of the United States Attorney**
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

STEVEN W. MYHRE
Acting United States Attorney
NICHOLAS D. DICKINSON
Assistant United States Attorney
District of Nevada
Nevada Bar No. 12940
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada  89101
PHONE:  (702) 388-6336
*NDickinson@usdoj.gov*

*Representing the United States of America*

FILED
2017 OCT -3 PM 4: 12
U.S. MAGISTRATE JUDGE
BY_____

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| IN THE MATTER OF SEARCH OF INFORMATION ASSOCIATED WITH INSTAGRAM ACCOUNTS STORED AT PREMISES CONTROLLED BY FACEBOOK CORPORATION:<br><br>**stephenpaddock47  A1** | **Magistrate No.**   2:17-mj-00958-VCF<br><br>**(Under Seal)** |
| IN THE MATTER OF SEARCH OF INFORMATION ASSOCIATED WITH INSTAGRAM ACCOUNTS STORED AT PREMISES CONTROLLED BY FACEBOOK CORPORATION:<br><br>**Mariloudanley  A2** | **Magistrate No.**   2:17-mj-00959-VCF<br><br>**(Under Seal)** |
| IN THE MATTER OF SEARCH OF INFORMATION ASSOCIATED WITH INSTAGRAM ACCOUNTS STORED AT PREMISES CONTROLLED BY FACEBOOK CORPORATION:<br><br>**Mariloudanleyy  A3** | **Magistrate No.**   2:17-mj-00960-VCF<br><br>**(Under Seal)** |

| | |
|---|---|
| IN THE MATTER OF SEARCH OF INFORMATION ASSOCIATED WITH INSTAGRAM ACCOUNTS STORED AT PREMISES CONTROLLED BY FACEBOOK CORPORATION:<br><br>**Mariloudanleypaddock  A4** | **Magistrate No.** 2:17-mj-00961-VCF<br><br>**(Under Seal)** |
| IN THE MATTER OF SEARCH OF INFORMATION ASSOCIATED WITH INSTAGRAM ACCOUNTS STORED AT PREMISES CONTROLLED BY FACEBOOK CORPORATION:<br><br>**marilou.danley  A5** | **Magistrate No.**     2:17-mj-00962-VCF<br><br>**(Under Seal)** |

FILED
2017 OCT -3 PM 4: 12
U.S. MAGISTRATE JUDGE
BY_____

## GOVERNMENT'S APPLICATION REQUESTING
## SEALING OF AFFIDAVIT

COMES NOW the United States of America, by and through STEVEN W. MYHRE, Acting United States Attorney, and DANIEL J. COWHIG, Assistant United States Attorney, and respectfully moves this Honorable Court for an Order sealing the Affidavit, together with the Court's Order, in the above-captioned matter until such time as this Honorable Court, or another Court of competent jurisdiction, shall order otherwise.

The Government submits that it is necessary for said documents to be sealed in light of the fact that they make reference to information regarding an on-going investigation.

///

The Government submits that disclosure of the information might possibly jeopardize the investigation. The Government submits that its right to secrecy far outweighs the public's right to know.

DATED this 3 day of October 2017.

Respectfully submitted,
STEVEN W. MYHRE
Acting United States Attorney

NICHOLAS D. DICKINSON
Assistant United States Attorney

FILED

2017 OCT -3 PM 4: 12

U.S. MAGISTRATE JUDGE

BY_____

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| IN THE MATTER OF SEARCH OF INFORMATION ASSOCIATED WITH INSTAGRAM ACCOUNTS STORED AT PREMISES CONTROLLED BY FACEBOOK CORPORATION:<br><br>**stephenpaddock47  A1** | **Magistrate No.**   2:17-mj-00958-VCF<br><br>**(Under Seal)** |
| IN THE MATTER OF SEARCH OF INFORMATION ASSOCIATED WITH INSTAGRAM ACCOUNTS STORED AT PREMISES CONTROLLED BY FACEBOOK CORPORATION:<br><br>**Mariloudanley   A2** | **Magistrate No.**   2:17-mj-00959-VCF<br><br>**(Under Seal)** |
| IN THE MATTER OF SEARCH OF INFORMATION ASSOCIATED WITH INSTAGRAM ACCOUNTS STORED AT PREMISES CONTROLLED BY FACEBOOK CORPORATION:<br><br>**Mariloudanleyy   A3** | **Magistrate No.**   2:17-mj-00960-VCF<br><br>**(Under Seal)** |
| IN THE MATTER OF SEARCH OF INFORMATION ASSOCIATED WITH INSTAGRAM ACCOUNTS STORED AT PREMISES CONTROLLED BY FACEBOOK CORPORATION:<br><br>**Mariloudanleypaddock   A4** | **Magistrate No.**   2:17-mj-00961-VCF<br><br>**(Under Seal)** |

| | |
|---|---|
| IN THE MATTER OF SEARCH OF INFORMATION ASSOCIATED WITH INSTAGRAM ACCOUNTS STORED AT PREMISES CONTROLLED BY FACEBOOK CORPORATION:<br><br>**marilou.danley A5** | **Magistrate No.**   2:17-mj-201700962-VCF<br><br>**(Under Seal)** |

**FILED**

2017 OCT -3 PM 4:12

U.S. MAGISTRATE JUDGE

BY _____

## SEALING ORDER

Based on the pending Application of the Government, and good cause appearing therefor,

IT IS HEREBY ORDERED that the Affidavit, together with the Court's Order, in the above-captioned matter shall be sealed until further Order of the Court.

DATED this _3rd_ day of _October_, 2017.

UNITED STATES MAGISTRATE JUDGE

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

District of Nevada

*FILED*

*2017 OCT -3 PM 4: 12*

*U.S. MAGISTRATE JUDGE*

*BY*_____

In the Matter of the Search of   )
*(Briefly describe the property to be searched*   )
*or identify the person by name and address)*   )   Case No. :   2:17-mj-00958-VCF
                                    )
INSTAGRAM ACCOUNTS STORED AT   )
PREMISES CONTROLLED BY   )
FACEBOOK CORPORATION: stephenpaddock47   A1   )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
INSTAGRAM ACCOUNTS STORED AT PREMISES CONTROLLED BY FACEBOOK CORPORATION:
stephenpaddock47   A1

located in the _____**DEA**_____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:
INSTAGRAM ACCOUNTS STORED AT PREMISES CONTROLLED BY FACEBOOK CORPORATION:
stephenpaddock47   A1

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| Title 26, United States Code, Section 5841. | Violation of National Firearms Act |

The application is based on these facts:
I believe there is probable cause to believe that in the subject accounts listed in Attachments "A1", "A2", "A3", "A4", "A5" there is proof that constitutes evidence of the commission of criminal offense(s); contraband, the fruits of crime and things otherwise criminally possessed and been used as the means of committing criminal offense(s)

☐ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Heather Burton*
*Applicant's signature*

*Heather Burton | Special Agent*
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  10/3/17                      _____
                                    *Judge's signature*

City and state:  **Las Vegas, Nevada**   _____
                                    CAM FERENBACH
                                    U.S. MAGISTRATE JUDGE
                                    *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

District of Nevada

FILED
2017 NOV -1 PM 3: 10
U.S. MAGISTRATE JUDGE
BY_____

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No.   2:17-mj-00958-VCF |
| | ) | |
| stephenpaddock47   A1 | ) | |
| | ) | |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search
of the following person or property located in the _____ District of _____Nevada_____
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A1

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property
described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENTS  B and C

**YOU ARE COMMANDED** to execute this warrant on or before    10/12/17    *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the
person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the
property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory
as required by law and promptly return this warrant and inventory to _____CAM FERENBACH_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C.
§ 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose
property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____

Date and time issued:    10/3/17  4:03 PM

Judge's signature

CAM FERENBACH
U.S. MAGISTRATE JUDGE
*Printed name and title*

City and state:      Las Vegas, Nevada

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>    2:17-mj- | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|
|       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date: _____                  _____<br>                                                 *Executing officer's signature*<br><br>                               _____<br>                                              *Printed name and title* |



# SEALED

**Office of the United States Attorney**
District of Nevada
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**Attachment "A1"**

**<u>Property to Be Searched</u>**

     This warrant applies to information associated with the Instagram user IDs **stephenpaddock47,** that is stored at premises owned, maintained, controlled, or operated by Facebook, a company headquartered in Menlo Park, California for the time period beginning September 1, 2016 to present.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## ATTACHMENT "B"

## Particular Things to be Seized

I.   **Information to be disclosed by Facebook**

To the extent that the information described in Attachment A is within the possession, custody, or control of Instagram LLC ("Instagram"), including any messages, records, files, logs, or information that have been deleted but are still available to Instagram, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on October 3, 2017. Facebook is required to disclose the following information to the government for each user IDs listed in Attachment A for the period of September 1, 2016 to present:

(a)   All contact and personal identifying information, including: full name, user identification number, birth date, gender, contact e-mail addresses, Instagram passwords, Instagram security questions and answers, physical address (including city, state, and zip code), telephone numbers, screen names, websites, and other personal identifiers;

(b)   All activity logs for the account and all other documents showing the user's posts and other Instagram activities;

(c)   All photos and videos uploaded by that user ID and all photos and videos uploaded by any user that have that user tagged in them;

(d)   All profile information; status updates; links to videos, photographs, bios, articles, and other items; Wall postings; friend lists, including the friends' Instagram user identification numbers; future and past event postings; comments; and tags;

(e)   All other records of communications and messages made or received by the user, chat history, and pending "Friend" requests;

1     (f)    All user content created, uploaded, or shared by the account, including any comments

2            made by the account on photographs or other content;

3     (g)    All IP logs, including all records of the IP addresses that logged into the account;

4     (h)    All records of the account's usage of the "Like" feature, including all Instagram posts

5            and content that the user has "liked";

6     (i)    All location data associated with the account, including geotags;

7     (j)    All data and information that has been deleted by the user;

8     (k)    All past and present lists of friends created by the account;

9     (l)    All records of Instagram searches performed by the account;

10    (m)    The types of service utilized by the user;

11    (n)    The length of service (including start date) and the means and source of any payments

12           associated with the service (including any credit card or bank account number);

13    (o)    All privacy settings and other account settings, including privacy settings for

14           individual Instagram posts and activities, and all records showing which Instagram

15           users have been blocked by the account;

16    (p)    All records pertaining to communications between Instagram and any person

17           regarding the user or the user's Instagram account, including contacts with support

18           services and records of actions taken.

19    (q)    All information regarding the particular device or devices used to login to or access

20           the account, including all device identifier information or cookie information,

21           including all information about the particular device or devices used to access the

22           account and the date and time of those accesses;

23

24

**II.     Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence, and instrumentalities of violations of:

      Violation of National Firearms Act – Registration of Firearms, Title 26, United States Code, Section 5841.

involving STEPHEN PADDOCK and others yet unidentified, including, for each user ID identified on Attachment "A," information pertaining to the following matters:

      (a) Evidence showing the possession, use, purchase, or sale of firearms, firearms accessories, ammunition, or explosives by Paddock, including through conspiring and cooperating to possess, use, purchase, or sell prohibited firearms, firearms accessories, ammunition, or explosives.

      (b) Evidence indicating how and when the Instagram account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Facebook account owner;

      (c) Evidence indicating the Instagram account owner's state of mind as it relates to the crime under investigation;

      (d) The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s).

      (e) The identity of the person(s) who communicated with the user ID about matters relating to the illegal possession, purchase, use, or sale of firearms, firearms accessories, ammunition, or explosives, including records that help reveal their whereabouts.

**The Warrant expressly incorporates the Affidavit submitted in support of the Warrant, and separately sealed, as though set forth fully herein.**

**ATTACHMENT C**

**PROTOCOL FOR SEARCHING THE ELECTRONIC DATA SEIZED**

**PURSUANT TO THIS SEARCH WARRANT**

1.      In executing this warrant, the government must make reasonable efforts to use methods and procedures that will locate and expose in the electronic data produced in response to this search warrant ("the Search Warrant Data") those categories of data, files, documents, or other electronically stored information that are identified with particularity in the warrant, while minimizing exposure or examination of irrelevant, privileged, or confidential files to the extent reasonably practicable.

2.      When the Search Warrant Data is received, the government will make a duplicate copy of the Search Warrant Data ("the Search Warrant Data Copy"). The original version of the Search Warrant Data will be sealed and preserved for purposes of: later judicial review or order to return or dispose of the Search Warrant Data; production to the defense in any criminal case if authorized by statute, rule, or the Constitution; for purposes of showing the chain of custody of the Search Warrant Data and the Search Warrant Data Copy; or for any other lawful purpose. The original of the Search Warrant Data will not be searched or examined except to ensure that it has been fully and completely replicated in the Search Warrant Data Copy.

3.      The investigating agents will then search the entirety of the Search Warrant Data Copy using any and all methods and procedures deemed appropriate by the United States designed to identify the information listed as Information to be Seized in Attachment B, Section II. The United States may copy, extract or otherwise segregate information or data listed as Information to be Seized in Attachment B, Section II. Information or data so copied, extracted or otherwise segregated will no longer be subject to any handling restrictions that might be set out in this protocol beyond those required by binding law. To the extent evidence of crimes not within the scope of this warrant appear in plain view during this review, a supplemental or "piggyback" warrant will be applied for in order to further search that document, data, or other item.

4.      The Government will have ninety (90) days from receipt of the data disclosed under Attachment B, Section I to complete its examination of the Search Warrant Data Copy. Once the Search Warrant Data Copy has been thoroughly and completely examined for any document, data, or other items identified in Attachment B, Section II as Information to be Seized, the Search Warrant Data Copy will be sealed and not subject to any further search or examination unless authorized by another search warrant or other appropriate court order. The Search Warrant Data Copy will be held and preserved for the same purposes identified above in Paragraph 2.

5.      The search procedures utilized for this review are at the sole discretion of the investigating and prosecuting authorities, and may include the following techniques (the following is a non-exclusive list, as other search procedures may be used):

a.   examination of all of the data contained in the Search Warrant Data to view the data and determine whether that data falls within the items to be seized as set forth herein;

b.   searching for and attempting to recover from the Search Warrant Data any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein (any data that is encrypted and unreadable will not be returned unless law enforcement personnel have determined that the data is not (1) an instrumentality of the offenses, (2) a fruit of the criminal activity, (3) contraband, (4) otherwise unlawfully possessed, or (5) evidence of the offenses specified above);

c.   surveying various file directories and the individual files they contain;

d.   opening files in order to determine their contents;

e.   using hash values to narrow the scope of what may be found. Hash values are under-inclusive, but are still a helpful tool;

f.   scanning storage areas;

g.   performing keyword searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are likely to appear in the evidence described in Attachment A; and/or

h.   performing any other data analysis technique that may be necessary to locate and retrieve the evidence described in Attachment B, Section II.

**Return and Review Procedures**

6.   Rule 41 of the Federal Rules of Criminal Procedure provides, in relevant part:

(e) Issuing the Warrant.

(2) Contents of the Warrant.

(A) Warrant to Search for and Seize a Person or Property. Except for a tracking-device warrant, the warrant must identify the person or property to be searched, identify any person or property to be seized, and designate the magistrate judge to whom it must be returned. The warrant must command the officer to:

(i) execute the warrant within a specified time no longer than 14 days;

(B) Warrant Seeking Electronically Stored Information. A warrant under Rule 41(e)(2)(A) may authorize the seizure of electronic storage media or the seizure or copying of electronically stored information. Unless otherwise specified, the warrant authorizes a later review of the media or information consistent with the warrant. The time for executing the warrant in Rule 41(e)(2)(A) and

(f)(1)(A) refers to the seizure or on-site copying of the media or information, and not to any later off-site copying or review.

(f) Executing and Returning the Warrant.

(1) Warrant to Search for and Seize a Person or Property.

(B) Inventory. An officer present during the execution of the warrant must prepare and verify an inventory of any property seized. . . . In a case involving the seizure of electronic storage media or the seizure or copying of electronically stored information, the inventory may be limited to describing the physical storage media that were seized or copied. The officer may retain a copy of the electronically stored information that was seized or copied.

7.      Pursuant to this Rule, the government understands and will act in accordance with the following:

a.      Pursuant to Rule 41(e)(2)(A)(iii), within fourteen (14) days of the execution of the warrant, an agent is required to file an inventory return with the Court, that is, to file an itemized list of the property seized.  Execution of the warrant begins when the United States serves the warrant on the named custodian; execution is complete when the custodian provides all Search Warrant Data to the United States. Within fourteen (14) days of completion of the execution of the warrant, the inventory will be filed.

b.      Pursuant to Rule 41(e)(2)(B), Rule 41(e)(2)(A) governs the time within which the electronically stored information must be seized after the issuance of the warrant and copied after the execution of the warrant, not the "later review of the media or information" seized, or the later off-site digital copying of that media.

c.      Under Rule 41(f)(1)(B), the inventory return that is to be filed with the court may be limited to a description of the "physical storage media" into which the Search Warrant Data that was seized was placed, not an itemization of the information or data stored on the "physical storage media" into which the Search Warrant Data was placed;

d.      Under Rule 41(f)(1)(B), the government may retain a copy of that information for purposes of the investigation. The government proposes that the original storage media on which the Search Warrant Data was placed plus a full image copy of the seized Search Warrant Data be retained by the government.

e.      If the person from whom any Search Warrant Data was seized requests the return of any information in the Search Warrant Data that is not set forth in Attachment B, Section II, that information will be copied onto appropriate media and returned to the person from whom the information was seized.

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>2:17-mj- 00 958-VCF | Date and time warrant executed: | Copy of warrant and inventory left with:<br>Served via web portale<br>www.facbook.com/records |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized:<br><br>10/18/17 - Records received via webportal<br>stephen paddock 47 | | |

FILED

2017 NOV -1 PM 3:05

U.S. MAGISTRATE JUDGE

BY _____

| Certification |
|---|
|      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: 10/18/17 _____       _Heather Burton_____<br>                                         *Executing officer's signature*<br><br>                                         Heather Burton / FBI Special Agent<br>                                         *Printed name and title* |